**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| EILEEN MARRERO,                )<br>                                                )<br>        Plaintiff,                        )<br>                                                )<br>    v.                                         )<br>                                                )<br>"NURSE VIVIANNE, R.N. ", , Individually,)<br>CARSON WRIGHT, M.D.., Individually   )<br>JANET FISCHER, APRN., Individually,  )<br>JOHN/JANE DOES 1-10, Individually,   )<br>                                                )<br>        Defendants.                    )<br>                                                ) | Civil No.: 3:19-cv-18<br><br><br><br><br><br>**JURY TRIAL DEMANDED**<br><br><br><br>January 4, 2019 |

_____

**COMPLAINT**
_____

## I.    PRELIMINARY STATEMENT

1. This is an action for damages brought pursuant to 42 U.S.C. § 12101, et seq for failure to accommodate an individual with a physical disability under the Americans with Disabilities Act (hereafter referred to as the "ADA") and refusing to give necessary medical treatment, corrective braces and appropriate sleeping quarters to an inmate incarcerated in the State of Connecticut under the care and custody of the Department of Corrections as required by the ADA.

## II. JURISDICTION AND VENUE

1. This Court has jurisdiction over Plaintiff's federal claims pursuant to 42 U.S.C. § 12101, et seq.

2. Venue is proper in the District of Connecticut pursuant to 28 U.S.C. § 1391(b)(1) because the claims arose in the district.

### III. THE PARTIES

1. Plaintiff Eileen Marrero ("Marrero"), is a citizen and resident of the State of Connecticut. She was f.ormerly an inmate at York Correctional Institution in Niantic, Connecticut.

2. At all times relevant herein Defendant "NURSE VIVIANNE, R.N." was a registered nurse licensed in the State of Connecticut and employed by the State of Connecticut to provide medical services to inmates at York CI. She is sued in her individual capacity.

3. At all times relevant herein Defendant JANET FISCHER, APRN was an advance practicing registered nurse licensed in the State of Connecticut who contracted with the State of Connecticut to provide medical care to inmates at York CI. She is sued in her individual capacity.

4. At all times relevant herein Defendant CARSON WRIGHT, M.D. was a medical doctor licensed in the State of Connecticut who contracted with the State of Connecticut to provide medical care to inmates at York CI. He is sued in his individual capacity.

5. At all times relevant herein Defendants John/Jane Does 1-10 were employed and/or contracted by the State of Connecticut to supervise and/or provide medical services to inmates at York CI and/or to supervise, guard and/or place inmates in the general population at York CI. They are sued in their individual capacities.

### IV. ALLEGATIONS OF FACT

1. In or about January 11, 2017, the plaintiff, Marrero, after she pled guilty to a violation of probation in the Superior Court for the State of Connecticut, was placed in

the care and custody of the Commissioner of Corrections for the State of Connecticut to serve a sentence of incarceration.

2. On said date the plaintiff, Marrero, was transported by the Department of Corrections to the York Correctional Institute (hereinafter referred to as "YCI") in Niantic, Connecticut to serve her sentence.

3. On said date when she arrived at YCI the plaintiff, Marrero was taken to the intake facility wherein she was assessed for, inter alia, medical needs and stated to defendant nurse Jane Doe 1 that she had right knee surgery in October 2016 at Yale New Haven Hospital that prevented her from ambulating normally, was debilitating and required a brace and sleeping quarters where she did not have to climb.

4. Defendant nurse Jane Doe 1 noted the recent surgery to her right knee but did not give her a knee brace or any other assistance to allow her to ambulate satisfactorily.

5. Within a few days of her arrival at YCI it was evident to the staff that the plaintiff, Marrero was having problems ambulating and a telephone call was made to the doctor on call, defendant Carson Wright, M.D, who found it medically necessary for the plaintiff to sleep in a low bunk to accommodate her right knee disability and he did order that she be given a low bunk for fourteen days.

6. The defendant Carson Wright, M.D. did not order any follow up medical examination, testing or treatment for the plaintiff either during or after the aforementioned telephone call.

7. After approximately two weeks of incarceration the plaintiff was seen by the defendant, Janet Fischer, APRN for her right knee problem, however, she was not treated, tested or examined for her disability and she was subsequently moved to a different

3

location within YCI and was assigned to a top bunk by defendant corrections officer Jane Doe 2 even after the plaintiff told said defendant that she was previously assigned a low bunk.

8.  On or about January 30, 2017 the plaintiff, Marrero, filed a written request for a knee brace because her knee was painful and problematic and the request was reviewed by defendant Nurse Vivianne on February 1, 2017 who failed and/or refused to provide a knee brace to the plaintiff without examining or testing the knee.

9.  On February 2, 20017 the plaintiff, Marrero, tried to climb to her top bunk and her right leg collapsed and she fell down to the floor and on the way down hit her knee on the bedpost then started screaming and another inmate brought a Corrections Officer back to the cell wherein the Corrections Officer called in a "Code" for emergency medical attention.

10.  The aforementioned fall down did cause the Plaintiff to fracture her right knee.

11.  Shortly after the fall down the claimant was transported to the UConn Health Center where doctors gave her pain medication and put a splint on her leg and sent her back to YCI with an order to the Department of Corrections to bring her back in two weeks for a follow up visit for the knee injury.

12.  The plaintiff was at YCI until March 23, 2017 and in that time was never brought back to the UConn Health Center instead on March 23, 2017 she was transferred to Connecticut Valley Hospital for enrollment in an addiction program.

13.  When she was brought to the Connecticut Valley Hospital facility she saw a doctor for her knee and they took x-rays which still showed "Fragmentation of the inferior

patellar" and on April 3, 2017 the doctor changed her to a knee brace and the Client started physical therapy on April 5, 2017 with a warning to see to see an orthopedic surgeon when she discharged the facility on May 6, 2017.

14.  The plaintiff has continuing problems with her right knee in that it is painful, weak and gives out frequently causing her to fall.

15.  She did not have time to file an administrative claim with the Department of Corrections because she was released shortly after the incident and it was then moot and administrative remedies are not necessary in violations of the ADA.

## V.   ALLEGATIONS OF LAW

1.  All acts of each Defendant as alleged herein were conducted under color and pretense of the laws, statutes, regulations, policies, customs, practices, or usages of the State of Connecticut including the Americans with Disabilities Act.

2.  Each Defendant's failure to test and examine the plaintiff, Marrero, or to make proper and timely accommodations for her disabled right knee and provide medical treatment therefore, violated her rights under the Americans with Disabilities Act pursuant to 42 U.S.C. § 12101, et seq.

3.  At all times relevant hereto, the right to receive adequate accommodations and medical treatment for a physical disability while incarcerated was a clearly established right of which all of the defendants would have known.

4.  The plaintiff's symptoms, complaints, requests and prior right knee surgery provided adequate notice of a physical disability for which the defendants should have proceeded to evaluate her for accommodations under the ADA.

5

5. Each Defendant's failure to provide proper and timely examination, testing and medical treatment despite the plaintiffs repeated requests and physical symptoms including pain, constituted knowledge and deliberate indifference the plaintiff's serious medical needs in violation of the ADA.

6. Each Defendant's failure to provide proper and timely examination, testing and medical treatment despite the plaintiffs repeated requests and physical symptoms including pain, demonstrated a culpable state of mind that was indifferent to accommodations under the ADA.

7. Each Defendant's failure to provide proper and timely examination, testing and medical treatment despite the plaintiffs repeated requests and physical symptoms including pain, demonstrated intent to either deny or unreasonably delay medical treatment that was indifferent to accommodations under the ADA.

## VI.   CAUSE OF ACTION – 42 U.S.C. § 12101, <u>et seq</u>
### (Violation of the Americans with Disabilities Act)

1. All of the aforesaid paragraphs are incorporated herein by reference as though pleaded in full.

2. The acts of each Defendant as alleged herein constituted a violation of the Americans with Disabilities Act and as a direct and proximate cause of each Defendant's actions, the plaintiff, Marrero, was injured.

## VII.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for judgment as follows:

  a.  Assume jurisdiction over this action;

  b.  Award Plaintiff actual damages against each Defendant for the violation of her ADA rights and the harm resulting therefrom;

  c.  Award Plaintiff punitive damages against each Defendant for the violation of her ADA rights and the harm resulting therefrom;

  d.  Award Plaintiff her costs of litigation, including reasonable attorneys' fees and expenses pursuant to 42 U.S.C. § 12101, et seq;

  e.  Grant such other and further relief as the Court deems necessary and proper.

## VIII.     JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff respectfully requests trial by jury on all issues so triable.

Dated : January 4, 2019

The Plaintiff,

by     _____/s/_____
        Richard Franchi
        900 Chapel Street, Suite 620
        New Haven, CT 06510
        Ph. (203) 495-1000
        Federal Juris No.:04769